IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| KEITH MCKINNEY, #A6034607,<br><br>Plaintiff,<br><br>v.<br><br>MAILROOM OFFICER, *et al.*,<br><br>Defendants. | CIVIL NO. 23-00432 DKW-KJM<br><br>ORDER DENYING APPLICATION TO PROCEED IN FORMA PAUPERIS BY A PRISONER |

Before the Court is an Application to Proceed In Forma Pauperis by a Prisoner filed by pro se Plaintiff Keith McKinney.[1]  ECF No. 2.  McKinney's IFP Application is DENIED as incomplete because it does not include the required trust fund account statements.

When bringing an action, a prisoner must either pay the $350.00 filing fee and a $52.00 administrative fee in a lump sum or, if granted the privilege of proceeding *in forma pauperis*, pay the $350.00 filing fee incrementally as set forth in 28 U.S.C. § 1915(b)(1).  An application to proceed *in forma pauperis* requires an (1) affidavit of indigence and (2) a certified copy of the inmate's trust account

---

[1]McKinney states that he is currently incarcerated at the Halawa Correctional Facility.  *See* ECF No. 1 at PageID.1.

statement for the six months preceding the filing of the complaint.  *See* 28 U.S.C.

§ 1915(a)(2); *Page v. Torrey*, 201 F.3d 1136, 1139 (9th Cir. 2000).  A prisoner

must submit trust account statements from each institution where he was confined

during the relevant six-month period.  *See* 28 U.S.C. § 1915(a)(2).

To assist prisoners in meeting these statutory requirements, the Court

requires use of a form application—that is, the "Application to Proceed In Forma

Pauperis by a Prisoner."  *See* United States District Court District of Hawaii,

https://www.hid.uscourts.gov/files/prose/Application%20To%20Proceed%20In%2

0Forma%20Pauperis%20By%20a%20Prisoner%20(IFP)%20and%20Instructions.p

df (last visited October 26, 2023).  This form includes: (1) an affidavit of indigence

(for completion by the prisoner); (2) a financial certificate and consent to

collection of fees (for completion by the prisoner); and (3) a certificate (for

completion by the warden or other appropriate officer of the institution in which

the prisoner is confined).  *See id.*  The form also reminds the prison official to

attach a copy of the prisoner's trust account balance statements for the preceding

six months.  *See id.*

If a prisoner is granted leave to proceed *in forma pauperis*, the Court will

assess an initial partial filing fee of twenty percent of either the average monthly

deposits or the average monthly balance in the prisoner's account, whichever is

greater.  28 U.S.C. § 1915(b)(1); *Bruce v. Samuels*, 577 U.S. 82, 84 (2016).  An

initial partial filing fee will only be collected when funds exist.  *See* 28 U.S.C.

§ 1915(b)(1).  The balance of the $350.00 filing fee will be collected in monthly

payments of twenty percent of the preceding month's income credited to the

prisoner's account, each time the amount in the account exceeds $10.00.  28 U.S.C.

§ 1915(b)(2); *Bruce*, 577 U.S. at 84.  These payments continue until the filing fee

is paid in full.  *See* 28 U.S.C. § 1915(b)(2).  The initial partial filing fee and the

subsequent monthly installment payments are assessed on a per-case basis.  *Bruce*,

577 U.S. at 84.  Thus, filing fees associated with multiple actions are recouped

simultaneously, not sequentially.  *See id.*

McKinney's IFP Application is incomplete because it does not include

account statements for the preceding six months showing all deposits and

withdrawals to McKinney's account during that period.  *See* ECF No. 2.

According to McKinney, he is currently incarcerated at the Halawa

Correctional Facility.  *See* ECF No. 1 at PageID.1.  In the Complaint, McKinney

makes allegations based on the handling of his mail between May 1, 2023, and

October 7, 2023, while he was an inmate at the Kulani Correctional Facility in

Hilo, Hawaiʻi.  *See* ECF No. 1.  McKinney is reminded, therefore, that he must

submit account statements from each institution where he was confined during the

six months prior to the filing of this action.  *See* 28 U.S.C. § 1915(a)(2) (stating

that an inmate must provide an account statement "for the 6-month period

immediately preceding the filing of the complaint . . . obtained from the appropriate official of *each prison at which the prisoner is or was confined*" (emphasis added)); *see also See Jones v. Corr. Corp. of Am.*, No. 10-3009-SAC, 2010 WL 571949, at *1 (D. Kan. Feb. 12, 2010) ("[I]f [the plaintiff] was confined in another jail or prison during the six months preceding the filing of this action, it was his responsibility to obtain and provide copies of his inmate account statements from those other institutions."); *Jackson v. Grondolsky*, Civil Action No. 09-1112 (NLH), 2009 WL 2496511, at *2 (D.N.J. Aug. 11, 2009) ("The *prisoner* must obtain this certified statement from the appropriate official of each prison at which he was or is confined. (emphasis added)).

McKinney is DIRECTED to submit a complete IFP Application that includes account statements from appropriate officials at each prison where he was confined during the six-month period immediately preceding the filing of this action. Failure to do so, or to pay the filing fee in full, by **November 17, 2023** will result in automatic dismissal of this suit without prejudice and without further notice. *See* Fed. R. Civ. P. 41(b); *see also Olivares v. Marshall*, 59 F.3d 109, 112 (9th Cir. 1995). The Court will take no action on any pending or future filings in this action until McKinney addresses the deficiencies set forth in this Order.

## CONCLUSION

(1) McKinney' Application to Proceed In Forma Pauperis by a Prisoner is

DENIED without prejudice as incomplete.

(2) McKinney is DIRECTED to pay the filing fee in full, or to submit a

complete IFP Application by **November 17, 2023**.

(3) The Clerk is DIRECTED to send McKinney an Application to Proceed

In Forma Pauperis by a Prisoner to facilitate compliance with this Order.

IT IS SO ORDERED.

DATED: October 26, 2023 at Honolulu, Hawai'i.

Derrick K. Watson
Chief United States District Judge

---

*Keith McKinney v. Mailroom Officer, et al.*; Civil No. 23-00432 DKW-KJM;
**ORDER DENYING APPLICATION TO PROCEED IN FORMA PAUPERIS
BY A PRISONER**