IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| KEITH MCKINNEY, #A6034607,<br><br>　　　　Plaintiff,<br><br>　vs.<br><br>MAILROOM OFFICER, *et al.*,<br><br>　　　　Defendants. | CIVIL NO. 23-00432 DKW-KJM<br><br>ORDER DISMISSING PRISONER CIVIL RIGHTS COMPLAINT WITH PARTIAL LEAVE TO AMEND |

　　　　Before the Court is pro se Plaintiff Keith McKinney's Prisoner Civil Rights Complaint brought pursuant to 42 U.S.C. § 1983. ECF No. 1. In the Complaint, McKinney alleges that various prison officials violated his First Amendment rights during his incarceration at the Kulani Correctional Facility ("KCF"), a state prison facility in Hilo, Hawaii.[1] *Id.* After conducting the required screening pursuant to 28 U.S.C. § 1915A(a), the Court DISMISSES the Complaint with partial leave to amend.[2] If McKinney wants this action to proceed, he must file an amended

---

[1] McKinney names as defendants an unidentified "mailroom officer," Brandee Agliam, and unnamed "DPS members of staff at KCF" in both their individual and official capacities. ECF No. 1 at PageID.1–PageID.2.

[2] McKinney is now incarcerated at the Halawa Correctional Facility. *See* ECF No. 1 at PageID.1; *see also* VINE, https://vinelink.vineapps.com/search/HI/Person (select "ID Number"; enter "A6034607"; and select "Search") (last visited Feb. 6, 2024).

pleading that cures the noted deficiencies in his claims on or before **April 10, 2024**. In the alternative, McKinney may inform the Court in writing on or before **April 10, 2024** that he would like to voluntarily dismiss this action pursuant to Federal Rule of Civil Procedure 41(a)(1), in which case such a dismissal will not count as a "strike" under 28 U.S.C. § 1915(g).[3]

## I. STATUTORY SCREENING

The Court is required to screen all prisoner pleadings against government officials pursuant to 28 U.S.C. § 1915A(a). *See Byrd v. Phx. Police Dep't*, 885 F.3d 639, 641 (9th Cir. 2018). Claims or complaints that are frivolous, malicious, fail to state a claim for relief, or seek damages from defendants who are immune from suit must be dismissed. *See Lopez v. Smith*, 203 F.3d 1122, 1126–27 (9th Cir. 2000) (en banc); *Rhodes v. Robinson*, 621 F.3d 1002, 1004 (9th Cir. 2010).

Screening under 28 U.S.C. § 1915A(a) involves the same standard of review as that used under Federal Rule of Civil Procedure 12(b)(6). *See Rosati v. Igbinoso*, 791 F.3d 1037, 1039 (9th Cir. 2015) (per curiam). Under this standard, a complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)

---

[3]McKinney has already accrued at least one strike. *See McKinney v. Mr. P*, CIV. NO. 15-00513 LEK/RLP, 2016 WL 141626, at *3 (D. Haw. Jan. 12, 2016) ("Plaintiff is NOTIFIED that this dismissal constitutes a strike pursuant to 28 U.S.C. § 1915(g).").

(internal quotation marks and citation omitted).  A claim is "plausible" when the facts alleged support a reasonable inference that the plaintiff is entitled to relief from a specific defendant for specific misconduct.  *See id.*

In conducting this screening, the Court liberally construes pro se litigants' pleadings and resolves all doubts in their favor.  *See Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (citations omitted).  The Court must grant leave to amend if it appears the plaintiff can correct the defects in the complaint.  *See Lopez*, 203 F.3d at 1130.  When a claim cannot be saved by amendment, dismissal with prejudice is appropriate.  *See Sylvia Landfield Tr. v. City of Los Angeles*, 729 F.3d 1189, 1196 (9th Cir. 2013).

## II.     BACKGROUND[4]

During McKinney's incarceration at the KCF, an unnamed "mailroom officer" lost "a few" pieces of McKinney's mail and lied about having done so.  ECF No. 1 at PageID.5.  That included an order McKinney placed via Amazon.com, and a letter and other mail that McKinney sent to his attorney and his brother.  *Id.*

At one point, McKinney ordered two books from Amazon titled "Making of the Whiteman: Teachings of Elijah Muhammad," and "The Isis Papers: The Keys

---

[4]For purposes of screening, McKinney's allegations are accepted as true.  *See Nordstrom v. Ryan*, 762 F.3d 903, 908 (9th Cir. 2014).

to Colors." *Id.* at PageID.6.  McKinney is a member of the Nation of Islam, and the books are at the "very core" of his religious beliefs. *Id.*  The mailroom officer and Agliam told McKinney that the books were returned to Amazon, but McKinney's family member who placed the order never received a refund. *Id.*

On October 3, 2023, McKinney's sister sent him a piece of mail using the United States Postal Service. *Id.* at PageID.7.  McKinney told Lieutenant Francis, who is not named as a defendant, about the mail, and Lieutenant Francis told the mailroom officer that McKinney was expecting mail. *Id.*  The mail was returned to McKinney's sister, and she received it on October 7, 2023. *Id.*  At some point, McKinney submitted an "inmate request" to Lieutenant Francis. *Id.*  When McKinney brought up the issue of the returned mail with the mailroom officer, the officer "wrote [McKinney] up." *Id.*  McKinney was later transferred from the KCF to another correctional facility. *Id.*

McKinney commenced this lawsuit by signing the Complaint on October 16, 2023. *Id.* at PageID.8.  On January 30, 2024, the Clerk's Office docketed McKinney's payment of the fees associated with this action.  ECF No. 13.  In the Complaint, McKinney alleges that his First Amendment rights were violated in connection with the handling of his mail (Count I), the free exercise of his religion (Count II), and unlawful retaliation (Count III).  ECF No. 1 at PageID.5–PageID.7.

McKinney seeks damages totaling twelve million dollars and injunctive relief. *Id.* at PageID.8.

### III. DISCUSSION

**A.  Legal Framework for Claims under 42 U.S.C. § 1983**

"Section 1983 provides a cause of action against '[e]very person who, under color of' law deprives another of 'rights, privileges, or immunities secured by the Constitution.'" *Cornel v. Hawaii*, 37 F.4th 527, 531 (9th Cir. 2022) (quoting 42 U.S.C. § 1983) (alteration in original). To state a claim under 42 U.S.C. § 1983, a plaintiff must allege: (1) that a right secured by the Constitution or laws of the United States was violated; and (2) that the alleged violation was committed by a person acting under color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988); *Park v. City & County of Honolulu*, 952 F.3d 1136, 1140 (9th Cir. 2020).

**B.  Eleventh Amendment**

McKinney names Defendants in both their individual and official capacities. ECF No. 1 at PageID.1–PageID.2.

"The Eleventh Amendment bars suits for money damages in federal court against a state, its agencies, and state officials acting in their official capacities." *Aholelei v. Dep't of Pub. Safety*, 488 F.3d 1144, 1147 (9th Cir. 2007) (citations omitted); *see Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 101–03 (1984). It does not bar official-capacity suits against state officials for prospective

5

relief to enjoin alleged ongoing violations of federal law. *See Wolfson v. Brammer*, 616 F.3d 1045, 1065–66 (9th Cir. 2010); *see also Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 n.10 (1989). Nor does it bar suits for damages against state officials in their personal capacities. *See Hafer v. Melo*, 502 U.S. 21, 30–31 (1991); *Porter v. Jones*, 319 F.3d 483, 491 (9th Cir. 2003).

To the extent McKinney seeks money damages, any claims against Defendants in their official capacities are barred by the Eleventh Amendment and DISMISSED with prejudice. *See Mitchell v. Washington*, 818 F.3d 436, 442 (9th Cir. 2016) ("The Eleventh Amendment bars claims for damages against a state official acting in his or her official capacity.").

To the extent McKinney seeks injunctive relief based on his experiences at the KCF, those claims are DISMISSED as moot because McKinney is now incarcerated at the HCF. *See Pride v. Correa*, 719 F.3d 1130, 1138 (9th Cir. 2013) (holding an inmate's conditions of confinement claims alleging incidents at a particular facility are moot when the inmate is transferred from that facility with no reasonable expectation of returning "because he 'no longer is subjected to the allegedly unconstitutional policies'" (quoting *Johnson v. Moore*, 948 F.2d 517, 519 (9th Cir. 1991)) (brackets and other citation omitted)); *Alvarez v. Hill*, 667 F.3d 1061, 1064 (9th Cir. 2012) (holding prisoner's claims for injunctive and

6

declaratory relief relating to prison conditions are rendered moot by his transfer to another facility).

The Eleventh Amendment does not bar McKinney's claims for money damages against Defendants in their individual capacities.

**C.     First Amendment**

**1.     Handling of Mail**

McKinney alleges in Count I that his First Amendment rights were violated in connection with the handling of his mail.  ECF No. 1 at PageID.5.

Prison inmates have "a First Amendment right to send and receive mail." *Nordstrom v. Ryan*, 856 F.3d 1265, 1272 (9th Cir. 2017) (internal quotation marks and citation omitted).  A prison may adopt regulations or practices for incoming mail which impinge on a prisoner's First Amendment rights if the regulations are "reasonably related to legitimate penological interests." *Turner v. Safley*, 482 U.S. 78, 89 (1987).  "When a prison regulation affects outgoing mail as opposed to incoming mail, there must be a 'closer fit between the regulation and the purpose it serves.'" *Witherow v. Paff*, 52 F.3d 264, 265 (9th Cir. 1995) (per curiam) (quoting *Thornburgh v. Abbott*, 490 U.S. 401, 412 (1989)).

To the extent McKinney alleges that a mailroom officer lost "a few" pieces of his mail, McKinney has not alleged enough facts to state a plausible First Amendment claim.  McKinney does not specify exactly how many times his mail

was lost, destroyed, or otherwise interfered with. Nor does he provide the dates when the incidents occurred. It is not apparent if all or only some of McKinney's mail was interfered with. Isolated incidents of lost mail, while unfortunate, are not enough to state a First Amendment claim. *See Lopez v. Jaquez*, No. C 11-2682 SBA (pr), 2012 WL 2930774, at *2 (N.D. Cal. July 18, 2012) ("Although intentional interference with the processing of inmate mail may state a claim under § 1983, the alleged isolated instances of possible interference here are insufficient to state a claim for which relief may be granted."); *Musquez v. Sepulveda*, No. C 07-5966 VRW (PR), 2008 WL 2811503, at *1 (N.D. Cal. July 17, 2008) ("Although unfortunate, these few instances of lost mail do not amount to more than isolated incidents insufficient to state a First Amendment claim of mail interference.").

To the extent McKinney also names Agliam in Count I, he alleges no facts linking Agliam to the complained-of conduct. Indeed, Agliam is never mentioned in Count I. For any claim against Agliam to proceed, McKinney must allege that Agliam's conduct was the actionable cause of his injury. *See Bearchild v. Cobban*, 947 F.3d 1130, 1150 (9th Cir. 2020) (same). "To meet this causation requirement, the plaintiff must establish both causation-in-fact and proximate causation." *Id.* (quotation marks and citation omitted). A defendant's "conduct is an actual cause of . . . injury only if the injury would not have occurred 'but for' that conduct."

8

*White v. Roper*, 901 F.2d 1501, 1505 (9th Cir. 1990) (citation omitted). "The proximate cause question asks whether the unlawful conduct is closely enough tied to the injury that it makes sense to hold the defendant legally responsible for the injury." *Mendez v. County of Los Angeles*, 897 F.3d 1067, 1076 (9th Cir. 2018). "Proximate cause is said to depend on whether the conduct has been so significant and important a cause that the defendant should be legally responsible." *Id.* (internal quotation marks and citation omitted). "[T]he touchstone of proximate cause in a § 1983 action is foreseeability." *Id.* (internal quotation marks and citation omitted).

  McKinney's claims in Count I are DISMISSED with leave to amend.

  **2.  Free Exercise**

  McKinney alleges in Count II that the mailroom officer and Agliam violated his free exercise rights under the First Amendment. ECF No. 1 at PageID.6.

  "Prisoners have First Amendment protection, but their rights under the Free Exercise Clause are necessarily limited by 'institutional objectives and by the loss of freedom concomitant with incarceration.'" *Al Saud v. Days*, 50 F.4th 705, 714 (9th Cir. 2022) (quoting *Hartmann v. Cal. Dep't of Corr. & Rehab.*, 707 F.3d 1114, 1122 (9th Cir. 2013)). "To state a free exercise claim in the prison context: (1) the claimant's proffered belief [must be] sincerely held; and (2) the claim [must

be] rooted in religious belief, not in purely secular philosophical concerns." *Id.* (internal quotation marks and citation omitted).

"A person asserting a free exercise claim must show that the government action in question substantially burdens the person's practice of her religion." *Jones v. Williams*, 791 F.3d 1023, 1031 (9th Cir. 2015) (citation omitted). "A substantial burden . . . place[s] more than an inconvenience on religious exercise; it must have a tendency to coerce individuals into acting contrary to their religious beliefs or exert substantial pressure on an adherent to modify his behavior and to violate his beliefs." *Id.* at 1031–32 (internal quotation marks and citations omitted) (ellipsis and alteration in original).

Here, although McKinney identifies a sincerely held religious belief, he fails to allege facts showing that the conduct of either the mailroom officer or Agliam substantially burdened the practice of those beliefs. Even assuming that two books were not delivered to McKinney, he fails to say how this imposed a substantial burden on the practice of his religion. *See Eckstrom v. Beard*, 705 F. App'x 588, 588 (9th Cir. 2017) ("The district court properly dismissed [the plaintiff's] First Amendment free exercise . . . claim[] stemming from the prison's book policy because [the plaintiff] failed to allege facts sufficient to show that the policy placed a substantial burden on his religious exercise."); *Hawkins v. San Diego County*, Case No. 3:20-cv-2200-WQH-KSC, 2021 WL 615052, at *10 (S.D. Cal. Feb. 16,

2021) (dismissing free exercise claim based on conclusory allegation that inmate was denied religious books); *Bloss v. Ben-Sahile*, Case No. 2:16-cv-01425-VBF-KES, 2019 WL 1598753, at *11 (C.D. Cal. Feb. 21, 2019) ("Generally, the taking of religious books, alone, does not constitute a violation of the First Amendment.").

McKinney's free exercise claims in Count II are DISMISSED with leave to amend.

### 3. Retaliation

McKinney alleges that the mailroom officer, "his boss," and "[a]nother [sergeant] who [did] the grievance" unlawfully retaliated against him. ECF No. 1 at PageID.7.

"[A] prisoner can make a viable claim of First Amendment retaliation by alleging five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." *Chavez v. Robinson*, 12 F.4th 978, 1001 (9th Cir. 2021) (quotation marks and citation omitted).

Here, McKinney alleges that the mailroom officer "wrote [him] up" for an "inmate request" that McKinney submitted to Lieutenant Francis. ECF No. 1 at

PageID.7. McKinney has not plausibly alleged, however, any causal connection between the inmate request that he submitted to Lieutenant Francis and the mailroom officer's write-up. McKinney does not say what he said in his inmate request. He also does not describe the relative timing of the two events. McKinney does not allege that the mailroom officer made a reference to McKinney's inmate request, nor does he allege any other facts showing that the mailroom officer was even aware that McKinney had submitted an inmate request. Without additional allegations showing some causal connection between McKinney's inmate request and the mailroom officer's writeup, McKinney's retaliation claims in Count III cannot proceed. *See Brodheim v. Cry*, 584 F.3d 1262, 1271 (9th Cir. 2009) ("To prevail on a retaliation claim, a plaintiff must show that his protected conduct was the 'substantial' or 'motivating' factor behind the defendant's conduct." (quotation marks and citation omitted)); *see also Stephen v. Williams*, Case No. 15-cv-03107-LB, 2016 WL 1569990, at *2 (N.D. Cal. Apr. 19, 2016) ("The omission of any facts plausibly suggesting causation is particularly problematic because that causal connection — that the adverse action has been taken as payback for constitutionally-protected activity — is the very essence of a retaliation claim.").

  McKinney's claims in Count III are DISMISSED with leave to amend.

### D. Doe Defendants

The Complaint includes as Defendants both an unnamed "mailroom officer" and other, unidentified "DPS members of staff at KCF." ECF No. 1 at PageID.1–PageID.2.

Rule 10(a) of the Federal Rules of Civil Procedure requires the plaintiff to include the names of the parties in the action. This is because it is usually impossible to serve a summons and pleading on an anonymous defendant. The use of Doe Defendants is generally disfavored in federal court. *See Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980). Nonetheless, the use of Doe Defendants is sometimes necessary when a plaintiff cannot discover the identity of the defendant before filing the operative pleading. The burden of identifying and serving a defendant remains at all times on the plaintiff -- the Court will not undertake to investigate the name and identity of an unnamed defendant on plaintiff's behalf.

If McKinney can cure the deficiencies in his claims described above, he may use the discovery process for a limited period set by the Court to obtain the names of the unknown Defendants, unless it is clear that discovery would not uncover their identities, or that the amended complaint will be dismissed on other grounds. *Wakefield v. Thompson*, 177 F.3d 1160, 1163 (9th Cir. 1999) (citing *Gillespie*, 629 F.2d at 642).

## IV. LEAVE TO AMEND

The Complaint is DISMISSED with partial leave to amend. McKinney must file any amended pleading on or before **April 10, 2024**. McKinney may not expand his claims beyond those already alleged herein or add new claims, without explaining how those new claims relate to the claims alleged in the Complaint. Claims that do not properly relate to those in the Complaint are subject to dismissal.

McKinney must comply with the Federal Rules of Civil Procedure and the Local Rules for the District of Hawaii. Local Rule 10.4 requires that an amended complaint be complete in itself, without reference to any prior pleading. An amended complaint must be short and plain, comply with Rule 8 of the Federal Rules of Civil Procedure, and be submitted on the Court's prisoner civil rights form. *See* LR99.2(a). An amended complaint will supersede the preceding complaint. *See Ramirez v. County of San Bernardino*, 806 F.3d 1002, 1008 (9th Cir. 2015).

## V. 28 U.S.C. § 1915(g)

If McKinney fails to file an amended complaint or is unable to amend his claims to cure their deficiencies, as described above, this dismissal may count as a "strike" under 28 U.S.C. § 1915(g). Under this "3-strikes" provision, a prisoner may not bring a civil action or appeal a civil judgment in forma pauperis,

>if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

## VI. CONCLUSION

(1) The Complaint, ECF No. 1, is DISMISSED pursuant to 28 U.S.C. § 1915A(b)(1) with partial leave to amend.

(2) McKinney must file any amended pleading on or before **April 10, 2024**.

(3) Failure to timely file an amended pleading may result in AUTOMATIC DISMISSAL of this suit without further notice, and McKinney may incur a strike under 28 U.S.C. § 1915(g).

(4) ALTERNATIVELY, McKinney may voluntarily dismiss this action pursuant to Federal Rule of Civil Procedure 41(a)(1), and such a dismissal will not count as a strike under 28 U.S.C. § 1915(g).

(5) The Clerk is DIRECTED to send McKinney a blank prisoner civil rights complaint form so that he can comply with this order if he elects to file an amended pleading.

IT IS SO ORDERED.

DATED: March 12, 2024 at Honolulu, Hawaiʻi.



/s/ Derrick K. Watson
Derrick K. Watson
Chief United States District Judge

*Keith McKinney v. Mailroom Officer, et al.;* Civil No. 23-00432 DKW-KJM*;*
**ORDER DISMISSING PRISONER CIVIL RIGHTS COMPLAINT WITH PARTIAL LEAVE TO AMEND**