IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| KEITH MCKINNEY, #A6034607, | CIVIL NO. 23-00432 DKW-KJM |
| Plaintiff, | ORDER DISMISSING FIRST AMENDED PRISONER CIVIL RIGHTS COMPLAINT AND ACTION |
| vs. | |
| MAILROOM OFFICER, *et al.*, | |
| Defendants. | |

Before the Court is pro se Plaintiff Keith McKinney's First Amended

Prisoner Civil Rights Complaint ("FAC") brought pursuant to 42 U.S.C. § 1983.

ECF No. 16.  In the FAC, McKinney alleges that various prison officials violated

his rights during his incarceration at the Kulani Correctional Facility ("KCF"),[1] a

state prison facility in Hilo, Hawaii.[2]  *Id.*  After conducting the required screening

pursuant to 28 U.S.C. § 1915A(a), the Court DISMISSES the FAC.  Further,

because McKinney has previously been given an opportunity to state a colorable

claim for relief and to address the same deficiencies explained by the Court and

---

[1]McKinney names as defendants Adult Corrections Officer ("ACO") Laeda-Vallonte, Corrections Supervisor Brandee Agliam, and Kenneth M. Rowe.  ECF No. 16 at PageID.104–05.

[2]McKinney is now incarcerated at the Halawa Correctional Facility.  *See* ECF No. 16-1 at PageID.117; *see also* VINE, https://vinelink.vineapps.com/search/HI/Person (select "ID Number"; enter "A6034607"; and select "Search") (last visited Apr. 18, 2024).

described again herein, dismissal is without leave to amend.  This dismissal counts as a strike under 28 U.S.C. § 1915(g).[3]

## I.  <u>STATUTORY SCREENING</u>

The Court is required to screen all prisoner pleadings against government officials pursuant to 28 U.S.C. § 1915A(a).  *See Byrd v. Phx. Police Dep't*, 885 F.3d 639, 641 (9th Cir. 2018).  Claims or complaints that are frivolous, malicious, fail to state a claim for relief, or seek damages from defendants who are immune from suit must be dismissed.  *See Lopez v. Smith*, 203 F.3d 1122, 1126–27 (9th Cir. 2000) (en banc); *Rhodes v. Robinson*, 621 F.3d 1002, 1004 (9th Cir. 2010).

Screening under 28 U.S.C. § 1915A(a) involves the same standard of review as that used under Federal Rule of Civil Procedure 12(b)(6).  *See Rosati v. Igbinoso*, 791 F.3d 1037, 1039 (9th Cir. 2015) (per curiam).  Under this standard, a complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks and citation omitted).  A claim is "plausible" when the facts alleged support a reasonable inference that the plaintiff is entitled to relief from a specific defendant for specific misconduct.  *See id.*

---

[3]McKinney has already accrued at least one strike.  *See McKinney v. Mr. P*, CIV. NO. 15-00513 LEK/RLP, 2016 WL 141626, at *3 (D. Haw. Jan. 12, 2016) ("Plaintiff is NOTIFIED that this dismissal constitutes a strike pursuant to 28 U.S.C. § 1915(g).").

In conducting this screening, the Court liberally construes pro se litigants'
pleadings and resolves all doubts in their favor.  *See Hebbe v. Pliler*, 627 F.3d 338,
342 (9th Cir. 2010) (citations omitted).  When a complaint fails to state a plausible
claim, leave to amend should be given when "justice so requires."
Fed.R.Civ.P. 15(a)(2).  Justice does not require leave to amend when (1) it would
prejudice an opposing party, (2) it is sought in bad faith, (3) it would produce an
undue delay in litigation, (4) it would be futile, or (5) there has been repeated
failure to cure a deficiency.  *Abagninin v. AMVAC Chem. Corp.*, 545 F.3d 733, 742
(9th Cir. 2008); *AmerisourceBergen Corp. v. Dialysist West, Inc.*, 465 F.3d 946,
951 (9th Cir. 2006).

## II.    BACKGROUND[4]

On an unspecified date, ACO Laeda-Vallonte, a mailroom officer at the
KCF, returned mail that had been addressed to McKinney.  ECF No. 16 at
PageID.108.  ACO Laeda-Vallonte denied returning the mail.  *Id.*  Apparently, the
day after this occurred, ACO Laeda-Vallonte "wrote [McKinney] up."  Id.
According to McKinney, ACO Laeda-Vallonte did so because of an inmate request
McKinney had submitted two weeks earlier.  *Id.*  McKinney calculated that the

---

[4]For purposes of screening, McKinney's allegations are accepted as true.  *See Nordstrom v. Ryan*, 762 F.3d 903, 908 (9th Cir. 2014).

write up was completed seven days after the applicable deadline had passed.  *Id.* at PageID.109.

McKinney alleges that the "Inmate Grievance Specialist Section" attempted to cover up for ACO Laeda-Vallonte by stating that Lieutenant Carvalho, who is not named as a defendant, was retaliating against McKinney.  *Id.*

McKinney commenced this lawsuit by signing the Complaint on October 16, 2023.  ECF No. 1 at PageID.8.  In the Complaint, McKinney alleged that his First Amendment rights were violated in connection with the handling of his mail, the free exercise of his religion, and unlawful retaliation.  ECF No. 1 at PageID.5– PageID.7.  The Court dismissed the Complaint on March 12, 2024.  ECF No. 15. In doing so, the Court set forth, among other things, the applicable legal standard for a First Amendment retaliation claim and the deficiencies in McKinney's allegations.  *Id.* at PageID.98–PageID.99.

On April 5, 2024, the Court received the FAC.  ECF No. 16.  In the FAC, McKinney alleges that prison officials violated the First Amendment by retaliating against him (Count I),[5] violated his rights during disciplinary proceedings (Count II), and that the Court should order the Federal Bureau of Investigation to open an investigation of these allegations (Count III).  *Id.* at PageID.108–PageID.110.

---

[5]Although McKinney also initially marked boxes next to "Mail," "Disciplinary proceedings," "Exercise of religion," and "Other" in Count I, he crossed out those checkmarks and added his initials.  *See* ECF No. 16 at PageID.108.

McKinney seeks damages totaling twelve million dollars and injunctive relief.  *Id.*
at PageID.111.

### III.   <u>DISCUSSION</u>

### A.   Legal Framework for Claims under 42 U.S.C. § 1983

"Section 1983 provides a cause of action against '[e]very person who, under
color of' law deprives another of 'rights, privileges, or immunities secured by the
Constitution.'"  *Cornel v. Hawaii*, 37 F.4th 527, 531 (9th Cir. 2022) (quoting
42 U.S.C. § 1983) (alteration in original).  To state a claim under 42 U.S.C.
§ 1983, a plaintiff must allege: (1) that a right secured by the Constitution or laws
of the United States was violated; and (2) that the alleged violation was committed
by a person acting under color of state law.  *See West v. Atkins*, 487 U.S. 42, 48
(1988); *Park v. City & County of Honolulu*, 952 F.3d 1136, 1140 (9th Cir. 2020).

### B.   Causation

McKinney includes Agliam's name in the caption of the FAC, ECF No. 16
at PageID.104, and Rowe's name on the top of page 6 setting forth Count II, *id.* at
PageID.109.

Section 1983 requires a connection or link between a defendant's actions
and the plaintiff's alleged deprivation.  *See Harper v. City of Los Angeles*, 533
F.3d 1010, 1026 (9th Cir. 2008) ("In a § 1983 action, the plaintiff must also
demonstrate that the defendant's conduct was the actionable cause of the claimed

injury." (citation omitted)). "To meet this causation requirement, the plaintiff must establish both causation-in-fact and proximate causation." *Id.* (citation omitted). "The inquiry into causation must be individualized and focus on the duties and responsibilities of each individual defendant whose acts or omissions are alleged to have caused a constitutional deprivation." *Leer v. Murphy*, 844 F.2d 628, 633 (9th Cir. 1988). The Ninth Circuit has explained that a government actor may be liable under 42 U.S.C. § 1983 if he performs an affirmative act, participates in another's affirmative acts, or fails to perform an act which he is legally required to do that causes the prisoner to suffer a deprivation of rights. *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978).

Here, other than including Agliam's name in the caption and Rowe's name at the top of Count II, McKinney fails to link either of them to an alleged violation of his rights. Indeed, Agliam and Rowe are not even mentioned anywhere in the three Counts' supporting factual allegations. *See* ECF No. 16 at PageID.108–PageID.110. This is precisely the issue that the Court previously flagged for McKinney when it assessed his initial complaint. *See* Order Dismissing Prisoner Civil Rights Complaint with Partial Leave to Amend, Dkt. No. 15 at 8-9. Because the Court is neither obligated nor inclined to afford McKinney another attempt to cure the same defect, his claims against Agliam and Rowe are DISMISSED with prejudice. *Abagninin*, 545 F.3d at 742.

6

## C.     First Amendment—Retaliation

McKinney alleges in Count I that ACO Laeda-Vallonte unlawfully retaliated against him.  ECF No. 16 at PageID.108.

"[A] prisoner can make a viable claim of First Amendment retaliation by alleging five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." *Chavez v. Robinson*, 12 F.4th 978, 1001 (9th Cir. 2021) (quotation marks and citation omitted).

Here, McKinney alleges that ACO Laeda-Vallonte "wrote [him] up" for an "inmate request" that McKinney had submitted to Lieutenant Francis two weeks earlier.  ECF No. 16 at PageID.108.  This claim has multiple flaws.  First, McKinney does not say when the events happened.  In addition, McKinney has not plausibly alleged any causal connection between the inmate request that he submitted to Lieutenant Francis and ACO Laeda-Vallonte's write-up.  In this regard, McKinney does not allege that ACO Laeda-Vallonte ever referred to McKinney's inmate request, nor does he allege any other facts showing that ACO Laeda-Vallonte was even aware that McKinney had submitted an inmate request.  These same flaws also doomed McKinney's retaliation claim in the original

7

Complaint.  *See* Dkt. No. 15 at 11-12.  McKinney, therefore, again fails to state a plausible retaliation claim and, this time, no leave to amend is appropriate. *Abagninin*, 545 F.3d at 742; *see also Brodheim v. Cry*, 584 F.3d 1262, 1271 (9th Cir. 2009) ("To prevail on a retaliation claim, a plaintiff must show that his protected conduct was the 'substantial' or 'motivating' factor behind the defendant's conduct." (quotation marks and citation omitted)); *see also Stephen v. Williams*, Case No. 15-cv-03107-LB, 2016 WL 1569990, at *2 (N.D. Cal. Apr. 19, 2016) ("The omission of any facts plausibly suggesting causation is particularly problematic because that causal connection — that the adverse action has been taken as payback for constitutionally-protected activity — is the very essence of a retaliation claim.").

McKinney's claim in Count I is DISMISSED with prejudice.

**D.    FBI Investigation**

In Count III, McKinney states that he is bringing this action to "trigger a Federal Investigation."  ECF No. 16 at PageID.110.  In his prayer for relief, McKinney states that he wants to "[g]et the F.B.I. involved."  *Id.* at PageID.111.

"Section 1983 provides a cause of action against '[e]very person who, under color of' law deprives another of 'rights, privileges, or immunities secured by the Constitution.'"  *Cornel*, 37 F.4th at 531 (quoting 42 U.S.C. § 1983) (alteration in original).  Section 1983 "does not allow a private citizen to bring a criminal

prosecution against another citizen." *Bertram v. Sizelove*, No. 1:10-cv-00583-AWI-GBC (PC), 2012 WL 5207580, at *2 n.2 (E.D. Cal. Oct. 22, 2012), *report and recommendation adopted*, No. 1:10-cv-00583-AWI-DLB, 2013 WL 1402338 (E.D. Cal. Apr. 5, 2013).  Likewise, McKinney cannot compel an investigation by the FBI.  *Accord Degrazia v. F.B.I.*, Civil Action No. 08-1009 (MLC), 2008 WL 2456489, at *3 n.2 (D.N.J. June 13, 2008) ("[The plaintiff], as a private citizen, has no federal right to compel an investigation, as initiating an investigation is a function of governmental discretion."), *aff'd*, 316 F. App'x 172 (3d Cir. 2009).

Any claims seeking to compel an FBI investigation are therefore DISMISSED with prejudice, as any attempt to cure this defect would be futile.

## IV.    28 U.S.C. § 1915(g)

McKinney is notified that this dismissal counts as a "strike" under 28 U.S.C. § 1915(g).  Under this "3-strikes" provision, a prisoner may not bring a civil action or appeal a civil judgment in forma pauperis,

> if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

## V.   <u>CONCLUSION</u>

(1) The FAC, ECF No. 16, is DISMISSED for failure to state a claim

pursuant to 28 U.S.C. § 1915A(b).

(2) Because McKinney has already had two opportunities to state a plausible

claim for relief and has been unable to do so—despite explicit instructions from the

Court as to how to cure the deficiencies in his claims—the Court finds that

granting further leave to amend is not warranted.  The FAC is therefore

DISMISSED with prejudice, and this dismissal constitutes a strike under 28 U.S.C.

§ 1915(g).

(3) The Clerk is DIRECTED to enter judgment and close this case.

IT IS SO ORDERED.

DATED: April 19, 2024 at Honolulu, Hawai‘i.



/s/ Derrick K. Watson
Derrick K. Watson
Chief United States District Judge

---

*Keith McKinney v. Mailroom Officer, et al.;* Civil No. 23-00432 DKW-KJM*;*
**ORDER DISMISSING FIRST AMENDED PRISONER CIVIL RIGHTS
COMPLAINT AND ACTION**